**PRIORITY SEND**

**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 10-00319 VAP(DTBx)                    Date:  May 27, 2010

Title:   LINDA A. IBARRA, IN PRO PER -v- ONEWEST BANK FSB, et al.
================================================================
PRESENT:     HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

   Marva Dillard                                    None Present
   Courtroom Deputy                          Court Reporter

ATTORNEYS PRESENT FOR         ATTORNEYS PRESENT FOR
PLAINTIFFS:                             DEFENDANTS:

   None                                            None

PROCEEDINGS:     MINUTE ORDER REMANDING ACTION TO CALIFORNIA SUPERIOR COURT FOR SAN BERNARDINO COUNTY (IN CHAMBERS)

    The Court has received and considered Defendant MTC Financial's ("MTC") response to the Court's May 19, 2010 Order to Show Cause why this action should not be remanded to the California Superior Court for San Bernardino County.

    In its May 19, 2010 Order, the Court indicated there appears to be no federal question presented on the face of the Complaint.  In its Response, MTC argues Plaintiff's eighth and ninth claims for relief — for unfair business practices and breach of fiduciary duty, respectively — present federal questions because Plaintiff alleges Defendants violated the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA") in connection with these claims.  The

Court addresses each claim in turn.

A claim arises under federal law within the meaning of 28 U.S.C. § 1331 if (1) federal law creates the claim asserted; (2) under the artful pleading doctrine, the cause of action should be recharacterized as a federal claim, either because it omits federal law essential to the cause of action or because the state law cause of action is completely pre-empted by federal law; or (3) the claim necessarily turns on the construction of a substantial, disputed federal question. See Rains v. Criterion Sys., Inc., 80 F.3d 339, 343–46 (9th Cir. 1996). "When a claim can be supported by alternative and independent theories — one of which is a state law theory and one of which is a federal law theory — federal question jurisdiction does not attach because federal law is not a necessary element of the claim." Id. at 346; see also Christianson v. Colt Inds. Operating Corp., 486 U.S. 800, 810 (1988).

In order to demonstrate Defendants violated Section 17200 of the California Business and Professions Code, Plaintiff must show that Defendants engaged in a business practice that is unlawful, unfair, or fraudulent. Cal. Bus. & Prof. Code § 17200.

Plaintiff's claim for unfair business practices does not arise under federal law. Plaintiff claims Defendants violated Section 17200 by (1) violating RESPA and TILA; (2) using "bait and switch tactics"; (3) failing to provide borrowers with adequate information concerning the terms and conditions of their loans; (4) failing to provide borrowers with adequate information concerning the risks of their loans; and (5) making loans "based on income information they themselves inflated." (Compl. ¶ 79.) Plaintiff's federal theory thus is only one of five theories under which Plaintiff may establish liability for this claim. Any one of these five theories may independently support liability. Accordingly, liability does not necessarily turn on the construction of a substantial, disputed federal question. See Rains, 80 F.3d at 346. MTC does not argue either that federal law creates Plaintiff's unfair business practices claim, or that this claim should be recharacterized as a federal claim.

Similarly, Plaintiff's claim for breach of fiduciary duty does not arise under federal law. Plaintiff alleges Defendants breached fiduciary duties owed to her by (1) violating California Civil Code section 2924f, (Compl. ¶ 86); (2) misleading Plaintiff into agreeing to the terms of the loan through loan documents that were not provided in her native language, (Compl. ¶ 87); (3) violating TILA, (Compl. ¶ 88); (4)

EDCV 10-00319 VAP(DTBx)
LINDA A. IBARRA, IN PRO PER v ONEWEST BANK FSB, et al.
MINUTE ORDER of May 26, 2010

concealing the balloon payment required by the loan, (Compl. ¶ 89); and (5) "luring" Plaintiff into a more expensive loan than she could afford. (Compl. ¶ 90.) Again, any one of these multiple theories — only one of which involves a federal claim — may support liability for this claim. Accordingly, liability does not necessarily turn on the construction of a substantial, disputed federal question, see Rains, 80 F.3d at 346, and MTC does not argue either that federal law creates this claim or that it should be recharacterized as a federal claim.

     Plaintiff's eighth and ninth claims for relief do not arise under federal law, and MTC has identified no other claim for relief that it contends arises under federal law. Accordingly, the Court lacks subject matter jurisdiction over this action. The Court VACATES its May 19, 2010 Order to Show Cause, as well as the April 15, 2010 Minute Order granting Defendant OneWest Bank FSB's motion to dismiss and the corresponding April 21, 2010 Judgment. The Court REMANDS this action to the California Superior Court for San Bernardino County.

     **IT IS SO ORDERED.**